

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FRANK JOE JIMENEZ III, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-289-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Frank Joe Jimenez III, a state prisoner currently incarcerated in Beeville, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as successive. No service has issued upon respondent.

I. FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving a 17-year sentence on his 2000 conviction for murder in the Criminal District Court Number Two of

Tarrant County, Texas. (Pet. at 2) This is petitioner's fourth federal petition challenging the same conviction. *See Jimenez v. Dretke*, No. 4:03-CV-090-Y (dismissed as time-barred); *Jimenez v. Dretke*, No. 4:06-CV-106-A (dismissed as successive); *Jimenez v. Quarterman*, No. 4:08-CV-753-A (dismissed as successive).[1] No service has issued upon respondent.

Petitioner raises two grounds for habeas relief: (1) he was denied his constitutional right to counsel (ground one) and (2) "new found evidence" in that he found out in February 2012 there are no court transcripts to prove he was sentenced, to prove the trial court told him he would appoint new counsel for petitioner, but did not, or to prove that he "should be locked up." (Pet. at 6, Insert, 9)

II. SUCCESSIVE PETITION

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an

---

[1] The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal habeas actions.

2

abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Moreover, a petition is successive if it seeks to present newly discovered evidence not presented in an earlier petition. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).

Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[2]

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed for lack of jurisdiction.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the

---

[2] The filing fee was not paid by petitioner nor did he file an application to proceed in forma pauperis in this action.

reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied; the denial shall refer only to the present case and shall have no effect upon the petitioner's right to seek permission from the Fifth Circuit to file a successive petition.

SIGNED May __10__, 2012.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE